**STATE of Oklahoma ex rel BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA, Plaintiff,**

v.

**Marek T. GREER and Eldon Greer, Defendants,**

**Marek T. Greer, Eldon Greer and Judith Greer, Plaintiffs,**

v.

**Stephen Bruce and Stephen Bruce & Associates, Defendants.**

**No. CIV.–01–1402–R.**

United States District Court, W.D. Oklahoma.

Nov. 9, 2001.

Stephen L. Bruce, Richard S. Winblad, Mark W. Hayes, Stephen L. Bruce & Associates, Oklahoma City, OK, for plaintiffs.

Michael J. Rose, Michael Rose & Associates PC, Oklahoma City, OK, for defendants.

## ORDER

DAVID L. RUSSELL, Chief Judge.

Third Party Defendants Stephen Bruce and Stephen Bruce & Associates have moved for partial summary judgment. The motion is directed to Defendants' and Third Party Plaintiffs' claims under the Oklahoma Consumer Protection Act ("OCPA"). Okla. Stat. tit. 15, § 751 *et seq.* As grounds for their motion, movants assert that the OCPA does not apply to the actions of third-party debt collectors/attorneys who were not involved in any consumer transaction or consumer-related activities with the claimants, citing several unpublished orders from this district so holding. Moreover, because counsel for the Third Party Plaintiffs is the attorney who prosecuted the OCPA claims in each of those cases in this district in which it was made clear that the OCPA is not applicable to third-party debt collectors/attorneys, movants seek sanctions against Third Party Plaintiffs' counsel pursuant to 28 U.S.C. § 1927 in the form of the costs of Third Party Defendants' motion.

■ It is undisputed that the only connection that Third Party Defendants have had with Third Party Plaintiffs is the former's acts as third-party debt collectors/attorneys in seeking to collect past due student loans. Accordingly, consistent with this Court's Order in Melvin v. Nationwide Debt Recovery, Inc., CIV-00-212-R (W.D.Okla. Aug. 24, 2000) and the Orders of Judges Thompson and Leonard in Melvin v. Credit Collections, Inc., CIV-00-211-T (W.D. Okla. April 5, 2001) and Akin v. Cabrera & Rephen, P.C., CIV-00-158-L (W.D.Okla. Aug. 24, 2001) (documenting the granting of defendants' motion for judgment as a matter of law on plaintiff's OCPA claim at trial), respectively, the OCPA does not apply to Third Party Defendants and they are entitled to judgment

as a matter of law on Third Party Plaintiffs' OCPA claims.

■ However, in light of Third Party Plaintiffs' arguments and authorities, the Court does not think that the issue of the applicability of the OCPA in these circumstances is free from doubt. Third Party Plaintiffs make good faith arguments that it does apply and should apply in these circumstances. Moreover, there are no decisions of Oklahoma courts addressing this issue. And Third Party Plaintiffs' counsel explains that he would have appealed the prior rulings on this issue in this district but for the facts that the first two cases settled and the third resulted in a substantial jury verdict. Accordingly, the Court finds that Third Party Plaintiffs' counsel's assertion of this claim was not done unreasonably or vexatiously. *See* 28 U.S.C. § 1927. Thus, the Court declines to impose the costs of Third Party Defendants' motion on Third Party Plaintiffs' counsel.

Third Party Plaintiffs' request that the Court certify questions of law concerning the applicability of the OCPA to the Oklahoma Supreme Court is, in the Court's discretion, denied. Although there are no controlling decisions of the Oklahoma Supreme Court on this issue, the Court concludes, based upon its analysis of the language of the Act, as explained in this Court's Order in *Melvin v. Nationwide Debt Recovery, Inc., supra,* that the Oklahoma Supreme Court would hold that the OCPA does not apply to third-party debt collectors/attorneys who were not parties to a consumer transaction which created the debt.

In accordance with the foregoing, Third Party Defendants' motion for partial summary judgment, directed to Third Party Plaintiffs' claims against them under the OCPA, is GRANTED; their request for sanctions under 28 U.S.C. § 1927 against Third Party Plaintiffs' counsel is DE-NIED; and Third Party Plaintiffs' request for certification of questions of law to the Oklahoma Supreme Court is DENIED.